UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Court File No.: 23-cv-2222 SRN/TNL

| | |
|---|---|
| Amanda Marie Nelson,<br><br>                Plaintiff,<br>v.<br><br>St. Catherine University and Quigley Law Firm, PLLC,<br><br>                Defendants. | **AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## PRELIMINARY STATEMENT

1. This action arises out of Defendant St. Catherine University ("Defendant University"), and Defendant Quigley Law Firm PLLC ("Defendant Law Firm"), (collectively referred to as "Defendants"), violations of the Bankruptcy Automatic Stay violations of the Bankruptcy Code, 11 U.S.C. § 362(h), Invasion of Privacy, and Defendant Law Firm's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), 11 U.S.C. § 362(h), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3. Venue is proper in this District because the acts and transactions occurred in this District, Plaintiff resides in this District, and Defendants transact business in this District.

## PARTIES

4. Plaintiff Amanda Marie Nelson (hereinafter "Plaintiff"), is a natural person obligated or allegedly obligated to pay a debt, who resides in the City of Rosemount, County of Dakota, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant University is a private women's university institution organized under the laws of the United States of America. Defendant University's principal place of business is located at 2004 Randolph Avenue, St. Paul, MN 55105. Defendant University is authorized to conduct business in the state of Minnesota and regularly does conduct business in said State. Defendant University is a "creditor" as defined in 15 U.S.C. § 1692a(4).

6. Defendant Law Firm is a law firm. Defendant Law Firm has a registered office located at 760033 South Parklawn Avenue, Suite 410, Minneapolis, MN 55435. Defendant Law Firm regularly attempts to collect consumer debts alleged to be due another. Defendant Law Firm is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

7. Sometime before 2017, Plaintiff incurred a debt with Defendant University for a university student account, specifically incurring charges for a "consumer debt", as that term is defined at 15 U.S.C. § 1692a(5).

8. Plaintiff fell behind on payments to repay her debt to the Defendant University.

9. Defendants initiated a collection action and filed it with the Dakota County District Court, Court File No. 19HA-CV-17-3814 in October 2017.

10. The case has been active and open.

11. On May 12, 2023, Plaintiff commenced a Chapter 7 bankruptcy case in the U.S. Bankruptcy Court, District of Minnesota, Case No. 23-30954.

12. According to the United States Bankruptcy Court records on May 17, 2023, the Court mailed via first class mail a notice to Defendant University notifying it of Plaintiff's bankruptcy via the Bankruptcy Noticing Center.

13. Upon information and belief, Defendant University sent a notice or in some way communicated to Defendant Quigley that Plaintiff had filed for bankruptcy.

14. In the alternative Defendant Quigley performed some bankruptcy scrub procedures prior to communicating with Plaintiff and was aware or should have been aware that Plaintiff had filed bankruptcy.

15. Upon information and belief, Defendant Quigley employs or utilizes a bankruptcy scrub mechanism to check for bankruptcy filings on a periodic basis to make sure that its collection activities do not run afoul of the state and federal law.

16. Defendant Quigley is aware that such bankruptcy scrub systems or vendors exist.

17. On or about May 16, 2023, in response to Defendants' collection action, Dakota County Judge Michael Meyer executed an Order to Issue a Bench Warrant. *See* Dkt. #16-1 (page 144 of 159).

18. However, the Dakota County Court order advised that if the Plaintiff were arrested she should be released on her posting a cash bail or completing a financial disclosure form pursuant to the Demand for Disclosure of January 12, 2023.

19. Despite being notified of Plaintiff's Bankruptcy either by the Bankruptcy Court, a third-party vendor, or a bankruptcy scrub mechanism, Defendants continued to attempt to collect on the debt by failing to dismiss the state court collection matter (Dakota County 19HA-CV-17-3814) and/or cease any collection activity.

20. Specifically, Defendants did nothing to alert the Dakota County Court that the Plaintiff filed for bankruptcy or in some way stop the pending Bench Warrant Order referenced above.

21. Subsequently, due to Defendants' failure to adhere to the bankruptcy stay, or have reasonable procedures and mechanisms (such as a bankruptcy scrub vendor or system) Plaintiff was arrested and booked on May 31, 2023, for an outstanding warrant on the state court collection matter (Dakota County 19HA-CV-17-3814), in violation of 11 U.S.C. §§ 362(a)(1), 362(a)(3), 362(a)(6) and 15 U.S.C. §§ 1692d, 1692e, 1692e(5), and 1692f.

22. On May 31, 2023, a Dakota County Sheriff called Plaintiff and told her that he had papers to deliver to her.

23. Plaintiff told the Sheriff that she was at home and would be for the rest of the day.

24. Plaintiff was told by the Sheriff that it was standard operating procedure for him to run a background check on her before coming to her home.

25. The Sheriff then explained that he had run such a criminal background check and that she had an outstanding warrant for her arrest for the past 10-11 days.

26. Plaintiff told the Sheriff that she had filed for bankruptcy earlier in May and this should have been taken care of or ceased.

27. Plaintiff explained that she needed to wait to be arrested until her fiancé came home to watch her two minor children.

28. The Sheriff agreed and did not arrest her until approximately 10:30 p.m. on May 31, 2023.

29. Once at the Dakota County jail, Plaintiff was booked and fingerprinted.

30. During this process, the arresting officer returned and said you do not have to spend the night and go to court the next morning as long as you complete the financial disclosure form.

31. Plaintiff then completed the form, returned it to the Sheriff, and was told she was free to go.

32. Plaintiff had to stay in jail until 1:30 a.m. on June 1, 2023.

33. However, that morning she was released after she executed the financial disclosure form required by the Dakota County Court in its Order dated May 16, 2023.

34. Upon information and belief, and pursuant to the Court Order the Dakota County Sheriff sent the executed financial disclosure form to Defendants on or about June 2, 2023.

35. On or about June 8, 2023, Plaintiff added Defendant Quigley to Plaintiff's bankruptcy matter.

36. On or about June 14, 2023, the Dakota County Court issued a Notice of Remote Zoom Hearing related to Defendants' collection action requiring attendance by all parties. Nothing in the Order stated the purpose of the hearing as having anything to do with setting bail.

37. Defendants then received an email from Plaintiff's bankruptcy counsel dated June 23, 2023, providing additional information concerning Plaintiff's bankruptcy. *See* Dkt. #16-1 (page 151 of 159).

38. Defendants knew or should have known through its bankruptcy scrub systems or should have known from the communications received from the bankruptcy Court and direct communications from her bankruptcy counsel that Plaintiff was represented by an attorney, specifically her bankruptcy counsel, Walker & Walker Law Office Ltd. and had filed for Chapter 7 bankruptcy protection.

39. Despite receiving the aforementioned notice of Plaintiff's bankruptcy filing, Defendant took no steps to suspend, cease, or stop the collection proceedings/actions related to their collection lawsuit venued in Dakota County Court.

40. In fact, in response to the collection lawsuit hearing set for July 17, 2023, Defendant Quigley notified the Dakota County Court in a correspondence dated July 12, 2023, that its collection attorney, Sarah Quigley could not attend due to a conflict she had in Washington County Court that same time.

41. Despite knowledge of the Plaintiff's bankruptcy, Defendants communication to the Court dated July 12, 2023, intentionally omitted any information about Plaintiff's bankruptcy, including but not limited to the Plaintiff's bankruptcy court file number and/or a request to cease all activity in the collection action, including but not limited to the cancellation of the July 17, 2023, hearing.

42. Further, Defendant Quigley's July 12, 2023, communication to the Dakota County Court referencing the collection lawsuit was sent directly to Plaintiff, in violation of 15 U.S.C. §1692c, when it knew that Plaintiff was represented by an attorney.

43. In response to Defendant Quigley's July 12, 2023, communication to the Dakota County Court, Tawnie Langenfeld – law clerk to the Honorable Judge Kathryn Iverson Landrum wrote an email to Defendant Quigley's attorney, Sarah Quigley, and instructed her to file a continuance request. *See* Dkt. # 16-1 (page 155 of 159).

44. Defendant Quigley's attorney Sarah Quigley responded to the law clerk via email on the same date, again intentionally omitting any information about Plaintiff's bankruptcy, including but not limited to the Plaintiff's bankruptcy court file number and/or a request to cease all activity in the collection action, including but not limited to requesting the cancellation of the July 17, 2023 hearing.

45. Because the debt was included in Plaintiff's bankruptcy, Defendants' continued collection action and specifically the state court collection hearing not being canceled or requested to be canceled constitutes violations of 11 U.S.C. §§

362(a)(1), 362(a)(3), 362(a)(6) and 15 U.S.C. §§ 1692d, 1692e, 1692e(5), and 1692f.

46. Defendants intentionally failed to notify Dakota County Court to withdraw or cancel the remote hearing scheduled for July 17, 2023, for the collection case against Plaintiff (19HA-CV-17-3814), in violation of 11 U.S.C. §§ 362(a)(1), 362(a)(3), 362(a)(6) and 15 U.S.C. §§ 1692d, 1692e, 1692e(5), and 1692f.

47. Defendants' actions against Plaintiff described herein were done knowingly, consciously, deliberately, and willfully, despite Defendants having received and documented notice of Plaintiff's bankruptcy.

48. As a result of Defendants intentional action or inaction, Plaintiff hired counsel to appear at the July 17, 2023, collection action hearing, where for the first time *her counsel* notified the Dakota County Court that Plaintiff had in fact filed for bankruptcy and provided the bankruptcy court file number and requested a stay of proceedings.

49. In response to Plaintiff's counsel's actions at the July 17, 2023, hearing, the Dakota County Court issued an immediate stay of the collection action proceedings but not before Plaintiff incurred attorney fees and costs of not less than $1000.

50. Plaintiff has suffered emotional distress, fear, anxiety, and loss of sleep because of Defendants' illegal conduct.

## COUNT I.

### AUTOMATIC STAY VIOLATION - 11 U.S.C. § 362 –
### AGAINST BOTH DEFENDANTS

51. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

52. Section 362(a)(6) of the Bankruptcy Code provides that Plaintiff's bankruptcy filing operates as a stay of "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title."

53. Defendants' actions by proceeding with the arrest and the subsequent July 14, 2023, hearing was an attempt to collect on a debt that had been included in bankruptcy, thereby violating the automatic stay.

54. Defendants' actions in attempting to collect the alleged debt included in Plaintiff's bankruptcy were willful.

55. In its actions set forth above, Defendants have violated the Automatic Stay provisions of the Bankruptcy Code, including but not limited to 11 U.S.C. §§ 362 (a)(1), 362 (a)(3), and 362(a)(6).

56. Defendants' violations of the automatic stay entitle Plaintiff to actual damages, attorney's fees, and costs, as well as punitive and/or exemplary damages under Sections 362(k) and any other applicable sections of the Bankruptcy Code.

57. The knowing, conscious, deliberate, and willful violations of the automatic stay by Defendants is in contempt of the bankruptcy court and are further punishable under Sections 105(a) of the Bankruptcy Code.

## COUNT II.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.* – AGAINST DEFENDANT QUIGLEY

58. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

59. Defendant Quigley's above-stated acts and omissions violate the FDCPA, including, but not limited to, each one of the above-cited provisions of the FDCPA described above.

60. Defendant Quigley's violations have caused Plaintiff actual damages in the form of emotional distress and mental anguish.

61. As a result of Defendant Quigley's violations of the FDCPA, Plaintiff is entitled to actual damages, statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT III.

### INVASION OF PRIVACY - INTRUSION UPON SECLUSION – AGAINST BOTH DEFENDANTS

62. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63. Defendants intentionally intruded upon Plaintiff's solitude, seclusion, and private concerns and affairs when, despite having the knowledge that Plaintiff had filed for personal bankruptcy protection, Defendants continued to harass Plaintiff to collect a debt that was included in Plaintiff's bankruptcy petition, specifically causing her to

be arrested and then incur additional fees and costs related to Dakota County collection action hearing of July 17, 2023.

64. Defendants' intrusion was substantial, highly offensive to Plaintiff, and would be highly offensive and objectionable to any reasonable person in Plaintiff's position.

65. Plaintiff had a legitimate expectation of privacy in her solitude, seclusion, and private concerns and affairs once she filed for Chapter 7 Bankruptcy protection.

66. As a result of Defendants' intrusion, Plaintiff has suffered actual damages in the form of sleeplessness, mental anguish, and emotional distress, and is entitled to an award of actual damages in an amount to be determined at trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants are follows:

- A judgment be entered against Defendants and in favor of Plaintiff for actual damages, including attorney's fees and costs, as well as punitive and/or exemplary damages for Defendants' violation of the automatic stay;
- Finding Defendants in contempt of court for having knowingly, willfully, and deliberately violated the automatic stay;
- That an order be entered declaring that Defendant Quigley's actions as described above are in violation of the FDCPA;
- That judgment be entered against Defendant Quigley for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);
- That judgment be entered against Defendant Quigley for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- That the Court award costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- Awarding actual damages for Defendants' illegal intrusion upon Plaintiff's seclusion; and
- For such other and further relief as may be just and proper.

Dated: September 29, 2023.

                        Respectfully submitted,

                        By: *s/ Thomas J. Lyons Jr.*
                        Thomas J. Lyons, Jr., Esq.
                        Attorney I.D. #: 249646
                        Carter B. Lyons, Esq.
                        Attorney I.D. #:  0403655
                        **CONSUMER JUSTICE CENTER, P.A.**
                        367 Commerce Court
                        Vadnais Heights, MN 55127
                        Telephone:  (651) 770-9707
                        Facsimile:   (651) 704-0907
                        tommy@consumerjusticecenter.com
                        carter@consumerjusticecenter.com

                        *ATTORNEYS FOR PLAINTIFF*