UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Amanda Marie Nelson,<br><br>Plaintiff,<br><br>v.<br><br>St. Catherine University, and Quigley Law Firm, PLLC,<br><br>Defendants. | Case No. 23-cv-2222 (SRN/TNL)<br><br>**ORDER** |

Thomas J. Lyons, Jr. and Carter B. Lyons, Consumer Justice Center P.A., 367 Commerce Court, Vadnais Heights, MN 55127, for the Plaintiff.

John C. Gunderson and Chad McKenney, Donohue McKenney, LTD, 11222 86th Avenue North, Maple Grove, MN 55369, and Thomas B. Wieser, Meier, Kennedy & Quinn, Chartered, 445 Minnesota Street, Suite 2200, St. Paul, MN 55101, for Defendant St. Catherine University.

Patrick D. Newman and Kiralyn Locke, Bassford Remele PA, 100 South Fifth Street, Suite 1500, Minneapolis, MN 55402, for Defendant Quigley Law Firm, PLLC.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Motion to Certify Interlocutory Appeal [Doc. No. 68] filed by Defendant Quigley Law Firm, PLLC ("QLF"). Based on a review of the files, submissions, and proceedings herein, and for the reasons stated below, the Court denies QLF's motion.

**I.    BACKGROUND**

Plaintiff Amanda Marie Nelson alleges, by way of her Amended Complaint [Doc. No. 26], three causes of action against QLF and St. Catherine University ("the University").

1

Count 1 alleges violations of the U.S. Bankruptcy Code's automatic stay provision (11 U.S.C. § 362), and is brought against both Defendants. (Am. Compl. ¶¶ 51–57.) Count 2 alleges violations of the Fair Debt Collection Practices Act (FDCPA) (15 U.S.C. § 1692, *et seq*.), and is brought only against QLF. (*Id*. ¶¶ 58–61.) Count 3 alleges a state claim—invasion of privacy—intrusion upon seclusion, and is brought against both Defendants. (*Id*. ¶¶ 62–66.)

Both Defendants moved to dismiss the Amended Complaint [Doc. Nos. 28, 32], arguing that this Court lacks subject matter jurisdiction. QLF additionally argued that Count 2 (the FDCPA claim) fails to state a claim upon which relief can be granted. The Court denied both motions on May 21, 2024 ("Order") [Doc. No. 58]. In its Order, the Court found that it has subject matter jurisdiction, declined to refer the matter to the bankruptcy court, found that Ms. Nelson has sufficiently pleaded an FDCPA claim under Federal Rule of Civil Procedure 8, and found it proper to exercise supplemental jurisdiction over the state law claim.

In the present motion, QLF asks this Court to certify two questions for interlocutory appeal. Both questions focus on the Court's ruling on Count 2, the claim under the FDCPA, and do not address the other claims in the Amended Complaint. (*See* QLF Memo [Doc. No. 70] at 3.) Specifically, QLF asks that the following questions be certified:

> 1. May FDCPA liability attach to the conduct of a debt collector, undertaken during the pendency of a consumer bankruptcy proceeding, that is alleged to violate the Bankruptcy Code's automatic stay provision?

(hereinafter, "Question 1"), and;

2

    2.    Was QLF's July 12, 2013, email sent to the Dakota County Court a "communication in connection with the collection of a debt["] pursuant to the "animating purpose" test?

(hereinafter, "Question 2"). (Motion at 1.)

The University does not join in QLF's motion, and filed its Answer to Ms. Nelson's Amended Complaint on June 21, 2024 [Doc. No. 71].

## II.    DISCUSSION

### A.    The Law

Generally, an order denying a motion to dismiss is not a final order and therefore is not appealable. *Beard v. Falkenrath*, 97 F.4th 1109, 1114 (8th Cir. 2024). In certain limited circumstances, however, a court of appeals may grant the right to bring an interlocutory appeal under 28 U.S.C. § 1292. For an order to be eligible for interlocutory appeal, the district court must first state in writing if it believes that the order (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *White v. Nix*, 43 F.3d 374, 376–77 (8th Cir. 1994) (noting that the § 1292(b) requirements are jurisdictional).

It has "long been the policy of the courts to discourage piece-meal appeals," and accordingly the Eighth Circuit instructs that interlocutory appeals should be "granted sparingly and with discrimination." *Union Cty, Iowa v. Piper Jaffray & Co., Inc.*, 525 F.3d 643, 646 (8th Cir. 2008) (per curiam) (quoting *White*, 43 F.3d at 376). The statute's legislative history makes clear that § 1292(b) "is to be used only in extraordinary cases where a decision might avoid protracted and expensive litigation and is not intended merely

3

to provide review of difficult rulings in hard cases." *Watkins Inc. v. McCormick & Co., Inc.*, 579 F. Supp. 3d 1118, 1121 (D. Minn. 2022) (quoting *Union Cty*, 525 F.3d at 646) (cleaned up); *also White*, 43 F.3d at 376 (citing S. Rep. No. 2434, 85th Cong., 2d Sess. (1958)). The movant "bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *Union Cty*, 525 F.3d at 646.

B.   Analysis

1.   Question 1

To satisfy the first requirement of § 1292(b), a question must be both purely legal and controlling. *See White*, 43 F.3d at 377. "A question is not controlling if the litigation would necessarily continue, regardless of how the question were decided." *RFC & RESCAP Liquidating Tr. Litig.*, No. 13-3451 (SRN/HB), 2016 WL 3410332, at *3 (D. Minn. June 20, 2016). If certain claims would be unaffected by the appeal and would require overlapping discovery with an appealed claim, the claim appealed is not controlling. *Minnesota v. Fleet Farm LLC*, No. 22-2694 (JRT/JFD), 2024 WL 22102, at *3 (D. Minn. Jan. 2, 2024) (slip copy).

This litigation will necessarily continue regardless of how the question is answered. Counts 1 and 3 would continue unaffected against both Defendants, because neither alleges an FDCPA violation. Count 2 would also continue, because the FDCPA violations claimed against QLF include an "unlawful communication" claim under 15 U.S.C. § 1692c(a)(2), as well, that is not predicated on any violation of the Bankruptcy Code automatic stay provision.

4

QLF argues that a reversal on Question 1 would truncate the scope of discovery, because the automatic stay violation claim includes a scienter element that is not required for the FDCPA claim. The Court finds this argument unavailing, however, because as the two claims share the same factual basis, discovery would likely proceed in substantially the same manner. Further, the existence of a scienter element in the Bankruptcy Code violation "broadens rather than narrows the scope of discovery" and weighs against QLF's position. *Southwell v. Mortgage Investors Corp. of Ohio*, No. 13-1289, 2014 WL 12102273, at *3 (W.D. Wash. Mar. 14, 2014) (denying a motion to certify a question for interlocutory appeal on the basis that the unaddressed claim is broader than the one affected by the question proposed). Accordingly, because the litigation would necessarily continue regardless of the Eighth Circuit's ruling on Question 1, the question is not controlling.

Moreover, QLF has not established that this is a question of law as to which there is substantial ground for a difference of opinion. In order to satisfy this requirement, a party must identify "a sufficient number of conflicting and contradictory opinions." *Union Cty*, 525 F.3d at 647. Courts in this district have observed that a "substantial ground for difference of opinion" may be demonstrated by identifying a difference of opinion within the controlling circuit. *Fair Isaac Corp. v. Federal Ins. Co.*, —F. Supp. 3d—, 2024 WL 1818656, at *4 (D. Minn. Apr. 11, 2024) (citing cases). It remains unclear, however, whether the mere existence of a split among courts outside of the circuit suffices. *Pederson v. Trump*, No. 19-2735 (JRT/HB), 2020 WL 4288316, at *2–3 (D. Minn. Mar. 17, 2020) (finding "one outlier circuit opinion" and an issue of first impression within the circuit to

be insufficient to demonstrate substantial ground, because the standard requires more than "some basis for an argument").

The Court, in its Order underlying QLF's motion, identified binding caselaw in the Eighth Circuit which guided its analysis of the two statutes at issue, and further observed that every district court to address the issue within the Eighth Circuit reached the same conclusion.[1] (Order at 10–21.) Here, QLF provides no circuit caselaw that calls into question the analysis applied by this Court. Here, the mere existence of out-of-circuit decisions with contrary holdings is insufficient to establish a substantial ground for a difference of opinion as to Question 1.

Finally, "when litigation will be conducted in substantially the same manner regardless of [the appellate decision], the appeal cannot be said to materially advance the ultimate termination of the litigation." *White*, 43 F.3d at 378–79. As discussed, even if the Eighth Circuit were to reverse this Court as to Question 1, the litigation in this matter would proceed in substantially the same manner, with the same parties engaging in the same discovery. Accordingly, an interlocutory appeal will not materially advance the ultimate termination of the case.

### 2.   Question 2

The threshold issue for § 1292(b)'s test is whether the question proposed is itself a legal question. As several courts in this district have held, "a challenge to the Court's

---

[1]   The Court did note that one case within this district held that the Bankruptcy Code precluded recovery under another statute—42 U.S.C. § 1983—but did not analyze its relationship to the FDCPA. (Order at 14 (citing *Zimmerman v. Bellows*, 988 F. Supp. 2d 1026 (D. Minn. 2013)).

determination of the plausibility of a claim does not implicate a 'controlling question of law' for purposes of § 1292(b) certification." *Dionico v. U.S. Bancorp*, 23-cv-26 (PJS/DLM), 2024 WL 2830693, at *2 (D. Minn. June 4, 2024) (slip copy); *see Varela v. State Farm Mut. Auto. Ins. Co.*, No. 22-970 (JRT/DTS), 2023 WL 5021182, at *3–4 (D. Minn. Aug. 7, 2023) (slip copy) (if review would require the Eighth Circuit to determine whether the Court appropriately inferred liability from the factual allegations pled, it is not a legal question); *Nat'l Union Fire Ins. Co. of Pittsburgh v. Donaldson Co., Inc.*, No. 10-4948 (JRT/TNL), 2015 WL 4898662, at *4 (D. Minn. Aug. 17, 2015) ("Challenging the application of settled law to a specific set of facts is not a question of law."); *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn., LLC*, No. 09-3037 (SRN/LIB), 2013 WL 4028144, at *4 (D. Minn. Aug. 7, 2013) (same).

Question 2 asks only whether the Court appropriately applied the Eighth Circuit's animating purpose test to the specific facts alleged. QLF does not dispute the law which applies, nor does it challenge the Court's framing of the relevant test. Moreover, "that settled law might be applied differently does not establish a substantial ground for difference of opinion." *Sportsman for Sportsman v. Cal. Overland, Ltd.*, No. 17-1064 (DWF/KMM), 2018 WL 2441771, at *3 (D. Minn. May 31, 2018). Accordingly, Question 2 is ineligible for certification under § 1292(b).

Having failed to present a question eligible for certification pursuant to the requirements of § 1292(b), the Court denies QLF's motion.

7

### III. ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Quigley Law Firm, PLLC's Motion to Certify Interlocutory Appeal [Doc. No. 68] is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 22, 2024                     /s/ Susan Richard Nelson
                                           SUSAN RICHARD NELSON
                                           United States District Judge